# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 CR 50039 - 2 | DATE | 8/2/2004 |
| CASE TITLE | United States vs. Priola | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, Thomas Priola's motion to dismiss based on the statute of limitations is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 0 2 2004 | 59 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8-2-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendant, Thomas Priola, filed a motion to dismiss based on his asserted withdrawal from the charged conspiracy more than six years before he was charged. In support of the motion, he provides affidavits and other evidence which he contends show that he withdrew from the conspiracy no later than November 28, 1996. Thus, he contends he was charged in violation of the six year statute of limitations.

A defendant's membership in a conspiracy is presumed to continue unless he withdraws from the conspiracy by the affirmative act of confessing to the police or by clear communication to his fellow conspirators that he is withdrawing. United States v. Wren, 363 F. 3d 654, 663 (7th Cir. 2004).

The evidence offered by defendant here does not show a confession to the police or a clear communication of withdrawal to coconspirators, Philip Priola and Lynnann Gage. A withdrawal from involvement with the business does not alone equate with a withdrawal from the conspiracy. The discontinuation of business operations is not necessarily co-extensive with termination of the conspiracy or with defendant's withdrawal therefrom.

For the foregoing reasons, defendant, Thomas Priola's, motion to dismiss based on the statute of limitations is denied.